IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERLINDA DIZON DAVIN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RALPH PENABELLA DAVIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　Defendant. | §§§§§§§§§§§§§<br><br>Civil Action No. 3:23-cv-512 |

## NOTICE OF REMOVAL AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A. Inc.** ("Defendant" or "The Home Depot") and files this Notice of Removal under 28 U.S.C. § 1332 and Brief in Support:

**I.**
**STATEMENT OF GROUNDS FOR REMOVAL**

1. On January 30, 2023, Plaintiff filed this lawsuit in the 116th District Court of Dallas County, Texas, Cause No. DC-23-01400, styled "*Erlinda Dizon Davin, Individually and on Behalf of the Estate of Ralph Penabella Davin v. Home Depot U.S.A., Inc.*" A true and correct copy of the Original Petition is attached as Exhibit "A-2".

2. Plaintiff sued The Home Depot alleging negligence in connection with the death of Ralph Penabella Davin, who was employed by The Home Depot.

3. Defendant was served on February 9, 2023. Defendant files this removal within 30 days after service and the receipt of the Original Petition, as required by 28 U.S.C. § 1446(b)(1).

Prior to removal, The Home Depot filed its Answer on March 1, 2023, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-5".

4. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F. 3d 510, 514-15 (7th Cir. 2006).

5. Defendant denies Plaintiff's claims.

6. As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit** | **Description of Exhibit** |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition;** |
| **Exhibit "A-3"** | **Citation;** |
| **Exhibit "A-4"** | **Return of Service for Defendant;** |
| **Exhibit "A-5"** | **Defendant's Original Answer;** |
| **Exhibit "A-6"** | **Notice of Filing of Notice of Removal (to be filed after this notice of removal is filed);** |
| **Exhibit "A-7"** | **Plaintiff's Jury Demand;** |
| **Exhibit "B"** | **Notice of Related Case** |

## II.
### DIVERSITY OF CITIZENSHIP

7. Plaintiff is an individual residing in and is a citizen of the State of Texas.

8. Defendant is a foreign corporation organized under the laws of Delaware and has its principal place of business in Fulton County, Georgia. Accordingly, Defendant has, at all relevant times, been a citizen of Delaware and Georgia.

9. Plaintiff is a citizen of Texas; The Home Depot is a citizen of Delaware and Georgia. Thus, at both the time of filing the original action in state court and at the time of this removal, complete diversity of citizenship has existed among the parties. Removal is proper. 28 U.S.C. § 1332(a).

## III.
### AMOUNT IN CONTROVERSY

10. Defendant would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

11. Plaintiff alleges in the original petition that Plaintiff seeks monetary relief over $1,000,000. Ex. "A-2", ¶ 53.

12. Plaintiff is seeking damages for "physical pain and suffering; mental anguish; loss of enjoyment of life; and funeral and burial expenses". *Id.* at ¶ 47. Plaintiff is also seeking damages for Plaintiff Erlinda Dizon Davin for "loss of companionship and society; loss of spousal services; loss of consortium; loss of household services; loss of support; pecuniary loss; and mental anguish." *Id.*

13. Plaintiff is also seeking punitive damages. *Id.* at ¶ 48.

## IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

14. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely as it is being filed no more than thirty (30) days after service.

15. The United States District Court for the Northern District of Texas encompasses Dallas County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

16. There are no other proper defendants to this action that would destroy diversity.

17. In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1" through "A-5" and Exhibit "A-7" are copies of all process and pleadings from the state court proceedings.

18. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 116th Judicial District Court of Dallas County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-6".

19. The Home Depot specifically reserves the right to amend to supplement this Notice of Removal.

20. By virtue of this removal, Defendant does not waive is rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

## V.
### JURY DEMAND

21. Plaintiff demanded a jury in the state court action. Ex. "A-7".

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Erlinda Dizon Davin, Individually and on Behalf of the*

*Estate of Ralph Penabella Davin v. Home Depot U.S.A., Inc.*" bearing Cause No. DC-23-01400, pending in the 116th Judicial District in Dallas County, Texas, to the United States District Court, Northern District of Texas, Dallas Division, and for such other and further relief to which it is entitled at law or in equity.

                                             Respectfully Submitted,

                                                 /s/ Chad L. Farrar
                                             By: Chad L. Farrar

                                             MULLIN HOARD & BROWN, L.L.P.
                                             Chad L. Farrar, Texas Bar No. 00793716
                                             C. Brett Stecklein, Texas Bar No. 00794688
                                             Katie P. Harrison, Texas Bar No. 24062767
                                             2515 McKinney Ave., Suite 900
                                             Dallas, Texas 75201
                                             Telephone:    (214) 754-0040
                                             Facsimile:     (214) 754-0043
                                             cfarrar@mhba.com
                                             bstecklein@mhba.com
                                             kharrison@mhba.com

                                           ***Attorneys for Defendant Home Depot U.S.A., Inc.***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this the 8th day of March, 2023, a true and correct copy of the foregoing was served by email and ECF addressed to:

**Via ECF & email**
Wade A. Forsman
PO Box 918
Sulphur Springs, TX 75483-0918
wade@forsmanlaw.com

                                               /s/ Chad L. Farrar
                                             Chad L. Farrar